```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
LI PING FU,                              :     10 Civ. 8562 (DLC)
                    Plaintiff,           :
                                         :     OPINION & ORDER
          -v-                            :
                                         :
POP ART INTERNATIONAL, INC.,             :
                                         :
                    Defendant.           :
---------------------------------------- X
```

Appearances:

For plaintiff:
Jeffrey Charles Neiman
Giuttari and Mertz Law Office, P.C.
45 West 34 Street, Suite 307
New York, NY 10001

DENISE COTE, District Judge:

On May 20, 2011, the Court entered a default in favor of the plaintiff Li Ping Fu ("Fu"), and referred the matter to Magistrate Judge Andrew J. Peck for an inquest and Report and Recommendation as to damages ("Report"). On September 19, 2011, Judge Peck issued his Report. Neither party has submitted objections to the Report. For the following reasons, the Report's recommendations are adopted with modifications and a default judgment is entered against defendant Pop Art International Inc. ("Defendant").

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  King v. Greiner, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted).

Fu filed his complaint on November 12, 2010.  The complaint asserts claims for, inter alia, unpaid overtime wages and unpaid spread of hours wages pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 et. seq, and the New York State Minimum Wage Act.  The complaint also seeks interest, costs, and attorneys' fees.

The Report makes the following recommendations as to damages to be recovered by Fu's claims.  First, the Report correctly applies the rule approving the holding of an inquest by affidavit without an in-person hearing when the Court has "ensured there was a basis for the damages specified in the default judgment."  Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citation omitted).  The Report also correctly accepts Fu's estimates of hours worked in his affidavit of July 19 absent rebuttal by the defendant.  See, e.g., Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946).

Second, the Report correctly notes that plaintiff's counsel, when calculating overtime wages, rounded partial weeks

up or down to the nearest week.  As a result of these rounding errors, the plaintiff's affidavit fails to credit Fu for some amount of unpaid overtime.  The Report recommends that the Court decline to correct this mistake because plaintiff's counsel had two opportunities to file inquest submissions.  The Court finds no clear error in this recommendation.  Using these rounded figures, the Report then correctly calculates an award of $41,571.98 for unpaid overtime wages.

Third, the Report correctly recommends that Fu be awarded 100% liquidated damages under FLSA beginning three years prior to the filing of his complaint, on November 12, 2007.  See 29 U.S.C. §§ 216(b), 255(a).  The Report also correctly recommends that Fu be awarded 25% liquidated damages under New York law beginning six years prior to the filing of his complaint, on November 12, 2004, because Fu alleges that the defendant's violations were "willful" and Pop Art defaulted.  N.Y. Labor Law §§ 198(1-a), 198(3), 663(1), 663(3).  The Report notes that courts in this Circuit are split as to whether a plaintiff may recover both federal and state liquidated damages for the same overtime violation, and recommends awarding liquidated damages pursuant only to FLSA beginning on November 12, 2007.  The Court finds no clear error in this recommendation, and thus adopts the Report's calculation of $26,098 in liquidated damages.

Fourth, the Report correctly awards $350 in costs to the

plaintiff, taking judicial notice of the Court's own filing fee while excluding those other costs for which the plaintiff did not supply supporting documentation.  The Report also correctly denies the plaintiff's request for attorneys' fees, even though he is entitled to such fees under the FLSA and New York Labor Law, because he failed to provide the Court with contemporaneous time records.  See, e.g., Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010) ("[A]bsent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications.").

Fifth, the report correctly recommends that Fu not be awarded damages under New York's spread of hours provision.  Under this provision, an "employee shall receive one hour's pay at the basic minimum hourly rate, in addition to the minimum wage required by [New York's minimum wage law], for any day in which . . . the spread of hours exceeds 10 hours."  N.Y. Comp. Codes R. Regs. Tit. 12 § 142-2.4.  On those days in which Fu's spread of hours exceeded 10 hours -- in this case, every day he worked -- Fu earned more than the minimum wage required by New York's minimum wage law.  He is thus not entitled to damages under § 142-2.4.

Lastly, the Report does not address the issue of prejudgment interest.  Prejudgment interest may not be awarded in addition to liquidated damages for violations of FLSA.  Brock

4

v. Superior Care, Inc., 840 F.2d 1054, 1064 (2d Cir. 1988).  But prejudgment interest and liquidated damages may both be awarded for violations of New York Labor Law because "[p]re-judgment interest and liquidated damages under the Labor Law are not functional equivalents."  Reilly v. Natwest Narkets Group Inc., 181 F.3d 253, 265 (2d Cir. 1999).  The purpose of prejudgment interest under FLSA is "to compensate a plaintiff for the loss of use of money."  Id.  By contrast, "liquidated damages under the Labor Law constitute a penalty."  Id. (citation omitted).  Fu is thus entitled to prejudgment interest on the basis of the New York Labor Law beginning on November 12, 2004.  Cf. Thomas v. iStar Financial, Inc., 629 F.3d 276, 280 n.2 (2d Cir. 2010) ("[W]here prejudgment interest can only be awarded on the basis of what is solely a state claim, it is appropriate to use the state interest rate.").  Sections 5001 and 5004 of New York's Civil Practice Law and Rules provide for a prejudgment interest rate of nine percent, calculated "[w]here such damages were incurred at various times, . . . from the date it was incurred or upon all of the damages from a single reasonable intermediate date."  N.Y. CPLR §§ 5001(b), 5004.  Prejudgment interest is thus calculated from May 21, 2007, the midpoint of the period beginning on November 12, 2004 up to and including the date of this Opinion.

CONCLUSION

Finding no clear error in Magistrate Judge Peck's Report other than the adjustments necessary to calculate prejudgment interest, the Report is adopted with the modifications described above. The Clerk of Court shall enter judgment against the Defendant for $41,571.98 in unpaid overtime wages, $26,098.00 in liquidated damages, $350.00 in costs, and $17,016.04 in prejudgment interest. The Clerk of Court shall close the case. The parties' failure to file written objections precludes appellate review of this decision, except for the rate of prejudgment interest. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

SO ORDERED:

Dated:   New York, New York
         December 6, 2011

_____
DENISE COTE
United States District Judge